In re Frank R. BONCZYK.

No. 01–1061.

United States Court of Appeals,
Federal Circuit.

May 11, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

## DECISION

LOURIE, Circuit Judge.

Frank R. Bonczyk appeals from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences rejecting the claims of U.S. Patent Application Serial No. 08/578,325 for failure to meet the requirements of patentable subject matter under 35 U.S.C. § 101. *Ex parte Bonczyk,* Appeal No.1988–2474, slip op. at 7 (Bd. of Pat. App. & Inter. July 31, 2000) (Paper No. 15) *("Bonczyk").* Because the Board's decision is correct as a matter of law, we *affirm.*

## DISCUSSION

Mr. Bonczyk is the named inventor of the '325 application, which relates to a "fabricated energy structure." The appealed claims stand or fall with claim 1 because Bonczyk has not argued them separately. *See In re Schrader,* 22 F.3d 290, 292 n. 3, 30 USPQ2d 1455, 1456 n. 3 (Fed. Cir.1994); 37 C.F.R. § 1.192(c)(7) (2000). Claim 1 reads as follows:

1. A fabricated energy structure for a uniform energy of the type having a single nature separated to oppose itself by a precise alternate time duration of existence that creates the dual nature for supporting and extending the Fabricated energy comprising a unitary structure of a single Base Particle (Bp) set to a time opposed opposite (Bp') of itself that together provides the functions of energy molded from decayed energy from 'The Unified PO Realm' and including a lattice strand portion in the form of a consequential open strip adapted to curve in attempt to bind at the ends in a trivial or nontrivial bundle to form the ring strand, producing a trivial or nontrivial structure, that will act as an energy root stock, said strand portion including a symbiotic mass assembly portion (rib) at one end thereof as residual, and an integral orthogonal stem portion extending from said strand portion to support and structure one ( + ) and the other (-) energy nature in the elevated position to monitor, interpret, adapt, maintain other neighboring energy structures and to duplicate of itself.

The United States Patent and Trademark Office ("PTO") rejected the claims under 35 U.S.C. § 101, stating that a theoretical energy model did not correspond to any of the statutory classes of subject matter defined in § 101, *viz.,* processes, machines, manufactures, or compositions of matter. Bonczyk, proceeding *pro se,* amended some claims to replace the word "model" with the word "structure" and replied that the "structured Fabrication of Energy" was a composition of matter and therefore directed to statutory subject matter. The PTO issued a final rejection, holding that Bonczyk had failed to disclose any new composition of matter in his description of the energy model. The Board affirmed the rejection under 35 U.S.C.

§ 101 because it agreed that the invention's subject matter did not fall into any statutory category, stating "that the invention appears to be a conceptual model completely divorced from any physical structure or practical application." *Bonczyk* at 7. Bonczyk appeals that judgment; we have jurisdiction pursuant to 28 U.S.C.A. § 1295(a)(4)(A) (West Supp.2000).

On appeal, Bonczyk argues that the Board erred in determining that his invention is not a composition of matter. Alternatively, he argues that his invention is a "manufacture" under the Supreme Court's interpretation of § 101 in *Diamond v. Chakrabarty*, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 144, 206 USPQ 193 (1980). Bonczyk also argues that his claim is directed to a combination of interrelated elements reciting a specific "machine." Bonczyk also requests this court to determine the proper statutory category for this invention. Finally, he argues that the Board erred in determining that the claimed invention was both a theoretical energy model and a new way of describing something that already exists in nature.

■ We review the Board's legal conclusion whether a claim is directed to statutory subject matter *de novo*. *Arrhythmia Research Tech. v. Corazonix Corp.*, 958 F.2d 1053, 1055, 22 USPQ2d 1033, 1035 (Fed.Cir.1992). We conclude that the Board did not err in rejecting the claims for failing to recite subject matter within any of the four statutory classes defined by § 101, which authorizes the grant of a patent to "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof...." 35 U.S.C. § 101 (1994). Pursuant to its authorization under art. I, § 8, cl. 8, of the United States Constitution to promote the progress of science and useful arts, Congress has specified the types of subject matter that may be patented in § 101. Patentable subject matter must fall within one of these statutory categories.

The Board candidly concluded that, "though we have tried mightily, from appellant's arguments and from the instant disclosure, to comprehend what appellant regards as his invention, we simply do not understand the nature of the invention." Bonczyk's arguments on appeal do not clarify the Board's lack of understanding; rather, they demonstrate Bonczyk's own confusion as to the nature of his invention. He argues variously that his invention is a composition of matter, an article of manufacture, and a machine. His conclusory assertions are not supported by the specification or the cited cases.

■ Bonczyk's amendment of the originally filed claims to replace the term "model" with "structure" does not convert his invention into a composition of matter, absent a showing that the invention is tangible, corporeal, or material, or a composition of two or more such substances. *See Diamond v. Chakrabarty*, 447 U.S. at 308, 100 S.Ct. 2204, 65 L.Ed.2d 144, 206 USPQ at 196–197 (defining "composition of matter"). Nor are we persuaded that the invention is an article of manufacture. Bonczyk cites *Chakrabarty* for the definition of an article of "manufacture" as made "from raw materials prepared by giving to these materials new forms, qualities, properties, or combinations whether by hand labor or by machinery," *id.*, but he does not explain how his invention is manufactured or from what materials it is manufactured.

■ Bonczyk next asserts that his invention is a machine, stating that it is directed to the function of a combination of interrelated elements and corresponds to a structure disclosed in the specification. We do not agree that the appealed claims

define a machine-like structure or that they should be classified as a machine. Bonczyk's vague assertions of functionality correlating to the function of seeds and references to various structures do not convert the disembodied concepts in the description of his invention to a machine, which is a concrete thing, consisting of parts or of certain devices and combinations of devices. *See Burr v. Duryee,* 68 U.S. (1 Wall.) 531, 570, 17 L.Ed. 650 (1863) (defining "machine").

■ Bonczyk requests that this court identify the appropriate category of subject matter for his invention if we do not agree with his characterization of his invention. Since determining the proper statutory category of subject matter is a question of law, we conclude, as the claims state, that they attempt to claim a form of energy. The word "energy" appears eight times in claim 1. It is clear that Bonczyk is attempting to claim an energy state rather than a composition of matter, an article of manufacture, or a machine. While matter and energy may be interconvertible under certain circumstances, the appealed claims do not claim matter – they claim an energy structure. Energy *per se* is the capacity to do work,* which is a natural phenomenon that does not qualify as patentable subject matter. *See Diamond v. Diehr,* 450 U.S. 175, 185, 101 S.Ct. 1048, 67 L.Ed.2d 155 (1981) (identifying three classes of subject matter that do not qualify as § 101 statutory subject matter: laws of nature, natural phenomena, and abstract ideas); *O'Reilly v. Morse,* 56 U.S. (15 How.) 62, 113, 14 L.Ed. 601 (1853) (holding that a claim to electromagnetism for the purpose of printing characters was invalid because it was a claim for the effect of using of electromagnetism, distinct from the process or machinery necessary to produce it).

Having decided that the claimed subject matter does not correspond to any statutory category of subject matter, we need not reach the alternate ground of affirmance asserted by the Director, *viz.,* that the claimed subject matter lacks practical utility. *See In re Warmerdam,* 33 F.3d 1354, 1361–62, 31 USPQ2d 1754, 1760 (Fed.Cir. 1994) (holding that a "data structure" is not a machine or otherwise within the statutory subject matter of § 101 without evaluating its utility). *But see In re Perrigo,* 18 C.C.P.A. 1323, 48 F.2d 965, 966, 9 USPQ 152, 154 (1931) (holding that claims to an electromotive force from the accumulation of ether waves were unpatentable for lack of utility under § 101).

■ Bonczyk has argued that the PTO has inconsistently referred to his invention both as a theoretical energy model and as a new way of describing something that already exists in nature. Even if he is correct, it is irrelevant to the question whether Bonczyk has claimed subject matter within the statutory classes. Inconsistent statements made by the PTO during prosecution do not, without more, entitle an applicant to a patent. Any such inconsistency understandably arises out of the conceptually difficult and intangible nature of the claimed subject matter and is irrelevant to the ultimate question of patentability. Bonczyk admits that he has deliberately avoided using "conventional names for elements and structures to identify them, so as not to compromise the invention with features void in the definition associated with those elements and terms." His choice to resist conventional language has the unfortunate consequence for his application that it is difficult to identify what his invention is. As in *O'Reilly v. Morse,* even if Bonczyk has pioneered a new concept with enormous practical po-

---

* McGraw–Hill Dictionary of Scientific and    Technical Terms 680 (5th ed.1994).

tential, the claims as filed do not qualify as patentable subject matter under § 101 because they are not directed to the statutory classes of subject matter. *O'Reilly*, 56 U.S. at 113. Because the Board did not err in determining that Bonczyk's application does not fit within any of the statutory categories of patentability under § 101, we affirm.